# Court of Appeals
# of the State of Georgia

ATLANTA,   September 30, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0071.  MARQUISE LEON HANCOCK v. THE STATE.**

On August 31, 2016, Marquise Hancock filed this application for discretionary review, seeking to appeal the trial court's order revoking his probation.  Hancock did not include with his application a file-stamped copy of the trial court order he seeks to appeal, in violation of Court of Appeals Rule 31 (e).[1]  Consequently, on September 9, 2016, we ordered Hancock to supplement his application within ten days with a stamped "filed" copy of the order to be appealed.  We indicated that failure to comply with this directive would result in dismissal of the application.  Hancock has failed to comply with this directive.

Regardless, according to Hancock's application, the order he seeks to appeal was entered on October 19, 2015.  An application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed.  OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).  According to Hancock's own assertion, his application is untimely, as it was filed 317 days after entry of the order he seeks

---

[1] Rather, the only trial court order submitted by Hancock is an order of nolle prosequi entered in a separate criminal proceeding.

to appeal.[2] Consequently, we lack jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____09/30/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk.*

---

[2] Hancock asserts that he did not previously seek discretionary review of the order revoking his probation because the criminal charges that gave rise to the revocation remained pending against him until August 12, 2016. Those criminal charges, which arose in a separate proceeding from his probation revocation, had no bearing on the finality of the revocation order he seeks to appeal.